**United States District Court**
**District of Massachusetts**

```
_____
                        )
                        )
United States of America )
                        )      Criminal Action No.
        v.              )      21-CR-10250-NMG
                        )
Mohammed Diab et al.,   )
                        )
        Defendants.     )
                        )
_____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from an alleged conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349 ("Section 1349"). Defendant Mohammed Diab ("Diab") filed a motion to dismiss the superseding indictment (Docket No. 155) and a motion to dismiss for lack of venue or, in the alternative, to transfer the case to the Central District of California (Docket No. 157) and defendant Amy Ringler Rountree ("Rountree") joins his motions. The third indicted defendant, Ahmad Khawaja ("Khawaja") remains at large so the Court will refer to Diab and Rountree as "the defendants".

The Court referred both motions to dismiss to Magistrate Judge Paul G. Levenson for Reports and Recommendations. Magistrate Judge Levenson has recommended denying both motions

-1-

(Docket Nos. 184, 185).  Defendants have filed written objections to the Magistrate Judge's Reports and Recommendations (Docket No. 186) and the government opposes those objections (Docket No. 192).

For the reasons provided below, the Reports and Recommendations of the Magistrate Judge will be accepted and adopted, the defendants' objections thereto will be overruled and the defendants' motions to dismiss will be denied.  This memorandum and order presumes familiarity with the superseding indictment and subsequent pleadings.

## I.  **Legal Standard**

When a party objects to a report and recommendation of a magistrate, the district judge must review it de novo and

> may accept, reject, or modify the recommendation,
> receive further evidence, or resubmit the matter to
> the magistrate judge with instructions.

Fed. R. Crim. P. 59(b)(3).

## II.  **Motion to Dismiss Indictment**

### A. Defendants' Objections

Defendants object to the first R&R regarding the motion to dismiss the indictment in full.[1]  Their principal argument is that the R&R failed to find that the alleged scheme deprived any purported victim of money or property.  According to defendants,

---

[1] Defendant Rountree has moved to join codefendant Diab's objections.

the issuers and acquirers received the benefit of the bargain
when they received a share of the processed transactions, i.e.
fair value that left them better off than they started.

Defendants' principal objection to the R&R's bank fraud
analysis rests on the same logic: no one suffered any harm.

Finally, defendants insist that the superseding indictment
does not allege the elements of a conspiracy under Section 1349.
Specifically, it fails to allege that defendants knowingly and
willfully joined the conspiracy with an intent to further its
unlawful purpose.

**B. Analysis**

The Court will accept and adopt the Magistrate Judge's
first R&R on the motion to dismiss the indictment and addresses
here only defendants' objections.

The Court disagrees that the superseding indictment does
not identify how the alleged scheme deprived victims of money or
property.  The superseding indictment plainly states that the
object of the conspiracy was to

> obtain money owned by and under the custody and
> control of financial institutions, including Issuers
> [and] Acquirers . . .

It alleges a traditional property fraud.

Issuers, most of which are banks, seek to maximize profits
while minimizing risk.  They do not enter merchant relations out
of the goodness of their heart; they do so only after

determining a profitable and trustworthy financial opportunity exists after analyzing the risk and reward involved.  By misleading issuers about the identity of merchants and the nature of the transactions, the alleged scheme imposed on them a risk of financial loss.

The issuers did not receive the benefit of their bargain. Even if they received transaction fees, they did not and could not appreciate the financial risks associated with those fees. The transactions exposed them to chargebacks, fines and lost revenue, all of which impose meaningful costs on issuers.  As the Eleventh Circuit Court of Appeals put it,

> [i]f . . . Bob promised to pour the man a glass of Pappy Van Winkle but gave him a slug of Old Crow instead, well, that would be fraud. Why? Because the misrepresentation goes to the value of the bargain.

United States v. Takhalov, 827 F.3d 1307, 1313 (11th Cir. 2016).  The Old Crow might still get the man intoxicated, but it will not be the hangover he bargained for.

With respect to bank fraud, an indictment does not need to calculate the actual pecuniary loss suffered by victims.  A risk of loss suffices. Shaw v. United States, 580 U.S. 63, 67 (2016) (bank fraud statute does not require "showing of ultimate financial loss").  In addition, the superseding indictment properly alleges that the fraud reached Fifth Third Bank, among other financial institutions.  A plain reading of the indictment

suggests that defendants' alleged misconduct was "the mechanism naturally inducing [the] bank . . . to part with money in its control." Loughrin v. United States, 573 U.S. 351, 363 (2014).

Finally, the superseding indictment properly alleges the elements of a Section 1349 conspiracy.  The government need not include the words "knowingly" or "willfully" in the indictment to pursue the conspiracy charge. See United States v. Forte, 2023 WL 3484040, at *3-4 (D. Mass. May 15, 2023) (declining to dismiss Section 1349 conspiracy because indictment did not include "willfully" or "knowingly"); see also United States v. Barrios-Ramos, 732 F. App'x 457, 460 (7th Cir. 2018) (unpublished) ("The verb 'conspire' . . . entails an intent to act.").

III.  **Motion to Dismiss for Improper Venue or to Transfer**

   **A. Venue**

      **i. Defendants' Objections**

Defendants agree with much of the Magistrate Judge's venue analysis but disagree with its conclusion.  They counter that 1) the superseding indictment only alleges Allied Wallet, rather than any co-conspirator, was involved in the Litle contract, 2) the contract only relates to "Merchant Client 1" and did not further the conspiracy and 3) there is no allegation that Litle, rather than acquirer Vantiv, had anything to do with the transactions processed for Merchant Client 1.

### ii. Analysis

The Court will again accept and adopt the Magistrate Judge's R&R on the motion to dismiss for venue in full and addresses only defendants' objections.

First, it is immaterial that the superseding indictment does not state with specificity which co-conspirator entered the agreement with Litle on behalf of Allied Wallet.  The co-conspirators were senior officers of Allied Wallet.  For purposes of the indictment, the company and the co-conspirators are synonymous.

The structure of the superseding indictment suggests that Allied Wallet entered an agreement with Massachusetts-based Litle to attain services that would further its scheme to defraud acquirers and issuers.  That allegation is sufficient at this early stage where it would be improper to inquire into the sufficiency of the evidence. See United States v. Powers, 40 F.4th 129, 134 (4th Cir. 2022).  Defendants are free to challenge venue at trial if additional facts come to light.

### B. Transfer

#### i.  Defendants' Objections

In seeking transfer, defendants largely repeat their prior arguments and respond that transfer is warranted because 1) California is more convenient for the parties and witnesses, 2) judicial economy favors transfer because the government may

struggle to prove venue in Massachusetts, 3) the choice to file suit in Massachusetts "smacks of abuse" and is intended to coerce the defendants to plead.

### ii. Analysis

In response to a motion to transfer by a criminal defendant, a court ought consider 1) the convenience of the parties, victims and witnesses and 2) the interests of justice. Fed. R. Crim. P. 21(b).

Transfer is not warranted in this case.  Diab does not claim that he lacks the financial means to travel for trial but rather that he needs to provide care for his California-based children and pregnant wife, who, at the time of filing, was experiencing a high-risk pregnancy but due in May, 2024.  Since Magistrate Judge Levenson entered his R&R, the Court has postponed the trial in this proceeding from April to September, 2024 for unrelated reasons.  The trial no longer overlaps with the pregnancy of Diab's wife.

While a transfer to California may be more convenient for Diab, it would be quite inconvenient for Rountree.  Utah-based Rountree needs to travel by plane to reach either venue.  Her counsel, who has been appointed by this Court, has presumably become familiar with the case and is best prepared to represent her interests at trial.  Transfer would require Rountree to

retain new counsel and bring that counsel up to speed. Retention of new counsel risks delaying trial even further.

The interests of justice strongly favor denying transfer for the same reason.  The initial indictment in this proceeding was filed over 30 months ago in August, 2021.  The case will be over three years old if trial commences in September, 2024.  A district judge in California would likely need to continue the trial to an even later date to become familiar with it.  The parties and the public have an interest in seeing this proceeding reach a conclusion in a timely fashion and this Court is best suited to do just that.

Finally, where venue is proper in multiple districts, "choice of venue is in the first instance a matter of prosecutorial discretion." United States v. Walker, 665 F.3d 212, 223 (1st Cir. 2011).  Defendants provide nothing but conjecture in support of their claim that the selection of Massachusetts is the product of abuse.

**ORDER**

Accordingly, after consideration of defendants' objections (Docket No. 186) thereto, the Reports and Recommendations (Docket Nos. 184, 185) are **ACCEPTED** and **ADOPTED.**


**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge


Dated March 29, 2024